UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 12-224-HRW

AMY NICOLE FULLER,                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on July 13, 2009, alleging disability due to low back pain with degenerative disc disease and prior surgical treatment (Tr. 158-169). This application was denied initially and on reconsideration. On November 19, 2010,

an administrative hearing was conducted by Administrative Law Judge Daniel Dadabo (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Janet Rogers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 23, 2011, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 17-27). Plaintiff was 31 years old at the time of the hearing decision (Tr. 127). She has a 11th grade education and no demonstrable past relevant work experience (Tr. 147-152).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits (Tr.19).

The ALJ then determined, at Step 2, that Plaintiff suffers from a right sacroiliac joint thecal sac displacement secondary to a L5-S1 disc herniation, status post fusion and 2009 revision surgeries, which he found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). In doing so, the ALJ specifically considered listing 1.04 (Tr. 20).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with certain restrictions as set forth in the hearing decision (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14 and 15] and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discounted the opinion of her treating physician, Dr. Sundiata El-Amin and (2) the hypothetical posed to the VE was flawed.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly discounted the opinion of her treating physician, Dr. Sundiata El-Amin.

It is the ALJ's duty to consider and weigh all of the evidence. *See* 20 C.F.R. § 416.946. Medical source opinions of treating physicians are to be given great weight unless the ALJ articulates good reasons for not giving the opinions great weight. *See* 20 C.F.R. § 416.927; *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). If a treating source opinion is not supported by objective medical evidence, then the ALJ is entitled to give the opinion less weight as long as he sets forth good reasons for the weight given the treating source opinion. *See* 20 C.F.R. § 416.927(c)(2); *see also Bass v. McMahon,* 499 F.3d 506, 512 (6th Cir.

2007) (noting reversal not required where treating opinion was not ignored and good reasons were provided to the extent that opinion was rejected).

In this case, the ALJ did not ignore the opinion of Dr. El-Amin but instead gave good reasons for giving little weight to his assessments of Plaintiff's functional abilities. The ALJ noted Dr. El-Amin had only treated Plaintiff on two occasions before rendering his opinion (Tr. 25-26, 690, 695-699). The ALJ also noted that Dr. El-Amin was an internist, and not an orthopedic, neurological or pain specialist (Tr. 26). Dr. El-Amin's limitations are also inconsistent with the records from other treating and examining physicians. Dr. Durrani, a treating orthopedic surgeon, noted after surgery that Plaintiff was "very very active" with her four children, although he noted some complaints of right buttock pain, and thoracic pain and tenderness (Tr. 709-710). Dr. Tayeb, an examining pain management specialist, noted that medication had markedly improved Plaintiff's function and significantly improved her pain, and that she had no significant side-effects (Tr. 702). Dr. Tayeb also noted 5/5 strength in the lower extremities, normal sensation and coordination, and a normal gait (Tr. 703-704).

It is clear from the hearing decision that the ALJ evaluated the opinion evidence from the treating and examining physicians and provided reasons for the weight accorded to these opinions. As such, the Court finds no error in this

regard.

Plaintiff's second claim of error is that the hypothetical posed to the VE was flawed. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of March, 2014.


Henry R. Wilhoit, Jr., Senior Judge